PER CURIAM.
The Florida Bar filed two complaints against respondent, Claude M. Harden, Jr., a member of The Florida Bar. At the final hearing, no opposition was offered to the Bar’s allegations, totaling eleven counts. The referee recommended that respondent be found guilty as to each count. The referee found that respondent was guilty of violating the following provisions under the Florida Bar Integration Rule, article XI: Rule 11.02(3)(a) for acts contrary to honesty, justice, and good morals (nine instances); Rule 11.02(4) for misusing trust funds (ten instances); and Rule 11.02(4)(c) and the corresponding bylaw for improper trust accounting (one instance). The referee also found violations of the following disciplinary rules of the Florida Bar Code of Professional Responsibility: D.R. 1-102(A)(3) for illegal conduct involving moral turpitude (six instances); D.R. 1-102(A)(4) for conduct involving dishonesty, fraud, deceit, or misrepresentation (ten instances); D.R. 1-102(A)(5) for engaging in conduct prejudicial to the administration of justice (one instance); D.R. 7-101(A)(2) for intentionally failing to carry out a contract of employment (four instances); D.R. 6-102(A)(3)[6-101(A)(3) ] for neglecting a legal matter entrusted to him (one instance); D.R. 7-101(A)(3) for intentionally prejudicing or damaging his clients (three instances); D.R. 9-102(A) for commingling clients’ funds (five instances); D.R. 9-102(B)(3) for failing to maintain complete records and render appropriate accounts of clients’ funds (three instances); and D.R. 9-102(B)(4) for failure to pay promptly or deliver clients’ funds upon entitlement and request (six instances). Respondent, whose parents have made restitution to all known clients, has been under temporary suspension from the practice of law since September of 1980.
The referee recommended that respondent be suspended from the practice of law. for a period of three years and thereafter until proof of rehabilitation; that he not work in any law office during the suspension period; that he be required to make restitution; that he be placed on two years’ probation following reinstatement with a future requirement that there be a monthly reconciliation of his trust account; and that he be required to retake and pass the Florida Bar Examination at the end of the three-year suspension period as part of his proof of rehabilitation.
The Board of Governors of The Florida Bar approved the referee’s findings of fact and recommendations of guilt, but petitioned for review of the referee’s recommended discipline. The Bar contends that the recommended discipline is not appropriately severe in light of the multiple instances of misuse of trust funds. We agree. We adopt the referee’s recommendations of guilt, but grant the Bar’s requested discipline of disbarment. Claude M. Harden, Jr. is hereby disbarred from the practice of law, effective immediately. Costs in the amount of $1,219.03 are taxed against Harden.
It is so ordered.
ALDERMAN, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.